IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:24-cv-61862-WPD

PROFESSIONAL PARKING MANAGEMENT
CORPORATION, a Delaware corporation,

    Plaintiff,

v.

ENTERPRISE HOLDINGS INC., a Missouri
corporation, EAN HOLDINGS, LLC., a Delaware
limited liability company, and ALAMO RENTAL (US),
LLC., a Delaware limited liability company,

    Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

I.   Introduction ........................................................................................................................ 1

II.  Legal Standard ................................................................................................................... 2

III. Plaintiff Does Not State a Claim for Breach of Contract................................................... 3

    A.   No Enforceable Contract Exists............................................................................... 3

    B.   No Contract Exists Between Plaintiff and Defendants ........................................... 5

IV.  Plaintiff Does Not State a Claim for Unjust Enrichment................................................... 7

V.   Plaintiff Does Not State a Claim for Open Account.......................................................... 9

VI.  Conclusion ......................................................................................................................... 9

CERTIFICATE OF COMPLIANCE ............................................................................................ 10

CERTIFICATE OF SERVICE ..................................................................................................... 11

**TABLE OF AUTHORITIES**

Page(s)

Federal Cases

*Am. Dental Ass'n v. Cigna Corp.*,
   605 F. 3d 1283 (11th Cir. 2010) ................................................................................................ 3

*Arena v. Nat'l Casualty Co.*,
   No. 20-22824-Civ, 2021 WL 12299833 (S.D. Fla. Apr. 21, 2021) ........................................... 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................................. 2, 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................................. 2

*Denarii Systems, LLC v. Arab*,
   No. 12-24239, 2013 WL 500826 (S.D. Fla. 2013) ................................................................... 4

*Global Network Mang., LTD v. Centurylink Latin Am. Solutions, LLC*,
   67 F. 4th 1312 (11th Cir. 2023) ................................................................................................. 7

*Idearc Media Corp. v. Premier Limousine, LLC*,
   No. 08-CV-1695-T-30, 2009 WL 482293 (M.D. Fla. Feb. 25, 2009) ....................................... 9

*Klusmeier v. Bell Constructors, Inc.*,
   469 F. App'x 718 (11th Cir. 2012) ............................................................................................ 3

*Rios v. Fed. Nat'l Mortgage Ass'n*,
   No. 17-CV-60455, 2017 WL 7792566 (S.D. Fla. July 27, 2017) .............................................. 3

*Rooney v. Camden Prop. Tr.*,
   No. 23-CV-23951, 2024 WL 517985 (S.D. Fla. Feb. 8, 2024) ................................................. 7

*Scottsdale Ins. Co. v. Sec. Fire Prevention, Inc.*,
   No. 10-62542-CIV, 2011 WL 3585876 (S.D. Fla. Aug. 16, 2011) ........................................... 3

*Tooltrend, Inc. v. CMT Utensili, SRL*,
   198 F. 3d 802 (11th Cir. 1999) ............................................................................................. 7, 8

*Torrent & Ramos, M.D., P.A. v. Neighborhood Health P'ship, Inc.*,
   No. 05-21668-CIV, 2005 WL 6358852 (S.D. Fla. Sept. 2, 2005) ............................................. 6

State Cases

*Atlantis Estate Acquisitions, Inc. v. DePierro*,
   125 So.3d 889 (Fla. 4th DCA 2013) ........................................................................................ 8

*Diamond "S" Dev. Corp. v. Merc*antile Bank,
   989 So.2d 696 (Fla. 1st DCA 2008) .......................................................................................... 8

*Porche Cars North Am., Inc. v. Diamond*,
   140 So. 3d 1090 (Fla. 3d DCA 2014) ....................................................................................... 7

*Vitacost.com, Inc. v. McCants*,
   210 So. 3d 761 (Fla. 4th DCA 2017) .................................................................................... 3, 6

*Williams v. Johnson*,
   232 So.3d 483 (Fla. 3d DCA 2017) .......................................................................................... 9

Federal Rules

Federal Rule of Civil Procedure 12(b)(6) ................................................................................... 1, 2

Defendants Enterprise Holdings, Inc. ("EHI"), EAN Holdings, LLC ("EAN"), and Alamo Rental (US), LLC ("Alamo") (collectively "Defendants"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully move to dismiss Plaintiff Professional Parking Management Corporation's ("Plaintiff") Complaint (ECF No. 4-2, the "Complaint") and states as follows:

### I.     Introduction

In the Complaint, Plaintiff unsuccessfully attempts to assert claims against Defendants for breach of contract, unjust enrichment, and open account. Plaintiff's Complaint suffers from several fatal flaws.

As an initial matter, Plaintiff's claims are based on signs allegedly posted at parking lots throughout the country that Plaintiff calls "Parking Contracts." ECF No. 4-2 at ¶ 11. While Plaintiff's allegations are made against Defendants, the alleged parking violations were committed by vehicle renters ("Renters"), who are not named defendants in this action. *Id.* at ¶¶ 12-16. Additionally, Plaintiff alleges it provides enforcement services for parking lots across the country. *Id.* at ¶ 10. Plaintiff however does not allege that it has contracts with each of the parking lot owners. It also fails to allege it has authority to enforce or collect the parking charges due on behalf of each of the individual parking lot owners. As such, Plaintiff's Complaint fails to plead any factual basis to establish Plaintiff's authority to issue the parking charge notices ("PCN") and/or collect on those PCNs on the individual parking lot owners' behalf.

The Complaint also fails to sufficiently allege any of the elements necessary to establish any of the claims alleged against Defendants. Rather, Plaintiff's conclusory allegations disregard the rudimentary foundations of contract formation. To this point, the Complaint lacks any allegations sufficient to establish an agreement between Plaintiff and Defendants. Without an

agreement, the causes of action for breach of contract and open account cannot survive. Plaintiff also fails to sufficiently allege facts to support an unjust enrichment claim.

Additionally, Plaintiff's Complaint attempts to lumps together over 45,500 alleged parking violations related to hundreds, if not thousands, of different vehicles, from different private parking lots across the entire country.[1] All of these alleged parking violations were committed by Renters, not Defendants. *See* ECF No. 4-2 at ¶¶ 12, 16, 22. Yet, Plaintiff makes no mention of the Renters, let alone, how a fine against a vehicle renter is recoverable against Defendants.[2]

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (extending *Twombly*). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Although Rule 12(b)(6) requires the Court to accept factual allegations as true for purposes of a motion to dismiss,

---

[1] As set forth in Exhibit C to Plaintiff's Complaint, Plaintiff appears to be attempting to recover parking charges for parking lots in at least nine different states, including Florida, Texas, Tennessee, Indiana, North Carolina, Louisiana, Georgia, Colorado, and South Carolina. If so, the Complaint implicates serious choice of law concerns.

[2] Additionally, Plaintiff attempts to assert at least 500 separate parking violations against Alamo and over 35,000 separate parking violations against EHI. This is especially problematic because neither Alamo nor EHI own or have ever owned any vehicles. As such, to the extent Plaintiff bases its claim against Alamo and EHI as the owners of any vehicle, those claims fail as a matter of law.

the Court need not accept conclusory allegations, unwarranted deductions, or mere legal conclusions. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1288-94 (11th Cir. 2010); *Klusmeier v. Bell Constructors, Inc.*, 469 F. App'x 718, 720 (11th Cir. 2012).

### III.     Plaintiff Does Not State a Claim for Breach of Contract

#### A.     No Enforceable Contract Exists

Under Florida law[3], a plaintiff must allege "(1) a valid contract; (2) a material breach; and (3) damages." *Rios v. Fed. Nat'l Mortgage Ass'n*, No. 17-CV-60455, 2017 WL 7792566, at *3 (S.D. Fla. July 27, 2017). Further, "[i]t is elementary that for an enforceable contract to exist there must be an offer, an acceptance, consideration and sufficient specification of terms so that the obligations involved can be ascertained." *Scottsdale Ins. Co. v. Sec. Fire Prevention, Inc.,* No. 10-62542-CIV, 2011 WL 3585876, at *3 (S.D. Fla. Aug. 16, 2011). Most importantly, "mutual manifestation of assent" must exist between the parties, whether it be by written or spoken word or by conduct. *Vitacost.com, Inc. v. McCants*, 210 So. 3d 761, 762 (Fla. 4th DCA 2017).

Other than a misplaced legal conclusion, the Complaint fails to identify any enforceable contract, much less one with Defendants. Instead, the Complaint simply alleges that "[t]he Parking Contract is a valid and existing contract between [Plaintiff] and [Defendants]." ECF No. 4-2 at ¶ 24. Of course, the "Parking Contract" is nothing more than a sign allegedly located at various private parking lots across the county. *Id.* at ¶ 11. These signs or "Parking Contracts" allegedly state "IF YOU DO NOT AGREE TO THE TERMS AND CONDITIONS OF THIS **OFFER**, YOU MAY NOT USE THIS PARKING FACILITY AND MUST LOCATE ALTERNATIVE

---

[3]     For purposes of this Motion to Dismiss, Defendants rely upon Florida law. Based on Exhibit C to Plaintiff's Complaint, however, Plaintiff appears to be trying to recover parking charges from parking lots across the country which would, in turn, implicate choice of law questions. As such, Defendants reserve their rights with respect to the law applicable to the various claims asserted.

3

PARKING." ECF No. 4-2 at Exhibit 1 (emphasis added). By the very terms of the so-called "Parking Contract," one rejects Plaintiff's "offer" by not using the parking facility and/or locating alternative parking. While Plaintiff may argue that its signs or "Parking Contracts" are an offer, Plaintiff has not and cannot allege that Defendants accepted these offers. Indeed, since Plaintiff has not alleged (nor could it) that Defendants were ever presented with these alleged offers to even accept them, and Plaintiff has not alleged (nor could it) that Defendants were the drivers of these vehicles, or even had any involvement whatsoever with parking these vehicles in Plaintiff's lots, it is a legal impossibility for Defendants to have any tacit acceptance or acceptance by conduct of these alleged offers. Without acceptance, a contract cannot be formed. *Denarii Systems, LLC v. Arab*, No. 12-24239, 2013 WL 500826, at *3-4 (S.D. Fla. 2013).

Further, there are no allegations in the Complaint that the signs or "Parking Contracts" state that the owner of the vehicle must agree to the terms or that the owner of the vehicle will be charged. Instead, the language uses the word "YOU" consistently. By the plain language of the "Parking Contract," the individual accepting the terms is the same individual that will be fined: "IF **YOU** DO NOT PAY FOR PARKING OR FOLLOW ALL PARKING FACILITY RULES, **YOU** WILL BE ISSUED A PARKING CHARGE NOTICE UP TO $100." *Id.* (emphasis added).

The "Parking Contract" also acknowledges that the vehicle's registered owner may be different than the individual reading the sign: "By parking in this Parking Facility, **you** grant [Plaintiff] permission to obtain the **vehicle's registered owner's name and address**." *Id.* (emphasis added). But nowhere on the sign does it state that the vehicle's registered owner will be fined or held liable for parking charges for the individual agreeing to the terms of the so-called "Parking Contract."

4

The exhibit Plaintiff attaches to its Complaint is nothing more than a copy of a sign that is allegedly displayed somewhere at the parking lots at issue. The Complaint is devoid of any allegations regarding the specific locations of these signs, whether they are located in a prominent location, or whether the parking signs are maintained to ensure they remain visible and legible. Tellingly, the Complaint does not include photos of the actual signs, instead, it merely includes a copy of the language of the so called "Parking Contracts." Even more telling is the fact that Plaintiff fails to make any allegation confirming that the signs were in fact displayed prominently and in accordance with the applicable state law of each of the many different parking facilities identified in Exhibit C to Plaintiff's Complaint.

Plaintiff provides nothing more than conclusory allegations and misplaced legal conclusions. Without more, a court cannot find that an enforceable contract exists between anyone, let alone a contract with Defendants. To make such a leap would require the Court to make inferences not supported by the facts alleged in the Complaint. While the Complaint may be said to have alleged Plaintiff is entitled to relief, the Complaint fails to plead any facts establishing Defendants' liability and thus the plausibility standard is not met. *Iqbal*, 556 U.S. at 679.

    **B.**    <u>**No Contract Exists Between Plaintiff and Defendants**</u>

Even if the Court somehow finds that Plaintiff has sufficiently alleged the basis for a contract based on nothing more than a posted sign, Plaintiff still fails to allege an enforceable contract with Defendants.

Plaintiff's Complaint lacks allegations of fact to establish how a vehicle Renter who parked a vehicle, at his or her own risk, in a private parking lot somehow binds the owner of the vehicle to a contract. Simply stated, Plaintiff cannot sustain a breach of contract claim against Defendants

based on an alleged agreement with a third party. *See Torrent & Ramos, M.D., P.A. v. Neighborhood Health P'ship, Inc.*, No. 05-21668-CIV, 2005 WL 6358852, at *4 (S.D. Fla. Sept. 2, 2005) (dismissing breach of contract claim against HMO by medical provider because medical provider had no contract with HMO regarding payment for services rendered to HMO subscribers and thus HMO had no contractual duty to pay medical provider); *see also Arena v. Nat'l Casualty Co.*, No. 20-22824-Civ, 2021 WL 12299833 at *1 (S.D. Fla. Apr. 21, 2021) (dismissing breach of contract claim because the policy at issue was between plaintiff and insurer and not the moving party).

Whether Plaintiff and the Renters entered into a "Parking Contract" is questionable, at best, but what is certain is that Defendants did not enter into any agreement with Plaintiff. The "Parking Contract" attached to Plaintiff's Complaint is not an enforceable agreement between Plaintiff and any of the Defendants. To this point, the Complaint is devoid of any allegations that any of the Defendants even saw any of the so-called "Parking Contracts," let alone agreed to any such "contract." Nor could Plaintiff make any such allegations in good faith because the only people who could have seen the signs would have been the Renters. Without so much as seeing the supposed contractual terms, it is impossible for Defendants to have agreed to those terms. It is black letter law that mutual assent is a required element for the formation of an enforceable contract. *See Vitacost.com, Inc. v. McCants*, 210 So. 3d 761, 762 (Fla. 4th DCA 2017) ("One such principle is the requirement that 'mutual manifestation of assent, whether by written or spoken work or by conduct, is the touchstone of contract'").

Additionally, Plaintiff makes no allegation, because it cannot, that the Renters had any authority to enter into any agreement on behalf of Defendants. Because the Complaint does not – and cannot – allege facts to establish that Defendants entered into any agreements with Plaintiff,

the Complaint fails to satisfy the first element of a breach of contact claim – contract formation – and must therefore be dismissed.

### IV.     Plaintiff Does Not State a Claim for Unjust Enrichment

To state an unjust enrichment claim under Florida law, a plaintiff must plead the following three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof. *Rooney v. Camden Prop. Tr.*, No. 23-CV-23951, 2024 WL 517985, at *4 (S.D. Fla. Feb. 8, 2024). Under Florida law, unjust enrichment is an equitable claim meant to "create" an agreement in situations where it would be unjust for one party to have and retain a benefit without paying. *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F. 3d 802, 805 (11th Cir. 1999). While an unjust enrichment claim may be brought between parties that have had no actual dealings, the implied contract is still "founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from the conduct of the parties showing, in light of the surrounding circumstances, their tacit understanding." *Global Network Mang., LTD v. Centurylink Latin Am. Solutions, LLC*, 67 F. 4th 1312, 1318 (11th Cir. 2023). Further, unjust enrichment claims require an examination of the individual facts of each case as well as the expectations of each party to determine whether any inequities would result. *Porche Cars North Am., Inc. v. Diamond*, 140 So. 3d 1090, 1100 (Fla. 3d DCA 2014).

Here, Plaintiff merely makes the conclusory allegation that it has conferred a benefit on Defendants by "allowing [Defendants'] vehicles to enter and park at [Plaintiff's] facilities" and "securing their vehicles in a safe space." Compl. at ¶¶ 20, 29. Plaintiff fails to identify any enrichment Defendants gained from one of its rental vehicles being parked in a lot while it was in

the possession, custody, and control of the Renter. At the time the vehicles were allegedly parked in Plaintiff's lots, the vehicles were not in the possession, custody, or control of Defendants. Thus, any "benefits" that Plaintiff may have conferred were bestowed upon the Renters, not Defendants. *See Tooltrend, Inc., 198 F. 3d at 805* (finding manufacturer was not unjustly enriched by distributor's advertising and promotional efforts because those efforts were meant to increase its own profit margins and any incidental enrichment enjoyed by the manufacturer was not unjust).

Even viewed in the light most favorable to Plaintiff and accepting all of Plaintiff's allegations as true, Plaintiff still fails to establish that Defendants ***voluntarily accepted*** and ***retained*** any alleged benefit. Rather, Plaintiff merely alleges that Defendants had knowledge of the benefit and that "despite receiving such benefits" Defendants have not paid Plaintiff. ECF No. 4-2, Compl. at ¶¶ 30 and 31. Of course, Plaintiff fails to identify how Defendants allegedly would have knowledge of where a Renter parks a vehicle. Regardless, the law is clear that knowledge of an alleged benefit is not enough to support a claim for unjust enrichment. *See Tooltrend, Inc., 198 F. 3d at 805.* Here, Defendants did not (and could not) accept or retain the supposed benefit because Defendants were not in possession, custody, or control of the vehicles at the time the alleged benefits were rendered. Additionally, Defendants have not retained any benefits as the vehicles at issue are no longer parked in Plaintiff's lots.

Finally, the unjust enrichment claim against Defendants cannot coexist where, as here, Plaintiff asserts an express agreement with either Defendants and/or the Renters. *Atlantis Estate Acquisitions, Inc. v. DePierro*, 125 So.3d 889, 893 (Fla. 4th DCA 2013) ("A claim for unjust enrichment cannot apply where an express contract exists which allows the recovery"); *see also Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So.2d 696, 697 (Fla. 1st DCA 2008) ("Florida courts have held that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an

8

express contract exists concerning the same subject matter") and *Williams v. Johnson*, 232 So.3d 483, 484 (Fla. 3d DCA 2017) (given the existence of an express contract covering the same subject matter, claims arising out of that contractual relationship will not support a claim for unjust enrichment). Here, Plaintiff alleges the existence of an express contract (the alleged "Parking Contract"). As such, the unjust enrichment claim is barred as a matter of law.

V. **Plaintiff Does Not State a Claim for Open Account**

Under Florida law, a plaintiff must allege three essential elements for an open account claim: (1) a sales contract existed between the creditor and debtor; (2) the amount claimed by creditor represents either the agreed-upon sales price or the reasonable value of the goods delivered and (3) the goods were actually delivered. *Idearc Media Corp. v. Premier Limousine, LLC*, No. 08-CV-1695-T-30, 2009 WL 482293, at *2 (M.D. Fla. Feb. 25, 2009).

Plaintiff fails to allege any of these required elements. First, Plaintiff does not allege any sales contract between Plaintiff and Defendants. To the extent that Plaintiff relies on the "Parking Contract," it also fails for the reasons discussed above. Second, there was no agreed-upon sales price or goods delivered. And to the extent it relies on the "Parking Contract," there was no agreed-upon price set forth on the sign or so called "Parking Contract." Third, no goods were delivered. As such, Plaintiff's claim for open account must be dismissed.

VI. **Conclusion**

Plaintiff's Complaint fails to plead any facts establishing a plausible agreement between Plaintiff and Defendants. Without such an agreement, dismissal of the breach of contract and open account claims is required. Additionally, Plaintiff's Complaint also fails to establish any of the required elements to warrant an unjust enrichment claim, so this claim should also be dismissed.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(a)(3), Defendants' counsel is not required to confer with Plaintiff's counsel regarding the relief sought in this Motion.

Date: October 24, 2024

Respectfully submitted,

*/s/ Andrea Picco*
Andrea Picco, Esq. (FL Bar No. 1011573)
Foley & Lardner, LLP
One Biscayne Tower
2 South Biscayne Boulevard, Suite 1900
Miami, FL 33131
Telephone: 305-482-8400
Facsimile:  305-482-8600
apicco@foley.com

And

Kevin Reck, Esq. (FL Bar No. 0505552)
Foley & Lardner, LLP
301 East Pine Street, Suite 1200
Orlando, FL 32801
Telephone: 407-648-1743
Facsimile: 407-423-7656
kreck@foley.com

***Counsel for Defendants***
***Enterprise Holdings, Inc.,***
***EAN Holdings, LLC, and***
***Alamo Rental (US), LLC***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 24, 2024, I electronically filed the forgoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via electronic transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Andrea Picco*
Andrea Picco

11

4855-8938-0594.3